**LI XIAN LIN, Jing Cheng Jiang**

**v.**

**SESSIONS, A094 783 453, A075 836 455**

**Qiao Lin**

**v.**

**Sessions, A099 683 747**

**13-3695**
**13-4327**

United States Court of Appeals, Second Circuit.

August 9, 2017

Richard Tarzia, Law Office of Richard Tarzia, Belle Mead, NJ, for Petitioners Li Xian Lin, Jing Cheng Jiang, Qiao Lin (Case Nos. 13–3695, 13–4327).

Tiffany L. Walters, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent (Case No. 13–3695).

OIL, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent (Case Nos. 13–3695, 13–4327).

Carlton Frederick Sheffield, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent (Case No. 13–4327)

PRESENT: JON O. NEWMAN, DENNIS JACOBS, PIERRE N. LEVAL, Circuit Judges.

## SUMMARY ORDER

These petitions challenge decisions of the BIA that affirmed decisions of Immigration Judges ("IJ") denying asylum, withholding of removal, and relief under

the Convention Against Torture ("CAT"), and denied motions to remand in the first instance. The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58, 168–69 (2d Cir. 2008); *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005).

Petitioners, all natives and citizens of China, applied for asylum, withholding of removal, and CAT relief based on claims that they fear persecution because they have violated China's population control program with the birth of their children in the United States. For largely the same reasons as this Court set forth in *Jian Hui Shao*, we find no error in the BIA's determination that Petitioners failed to demonstrate a well-founded fear of persecution based on the birth of their children. *See*

546 F.3d at 158–72; *see also Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

Insofar as Petitioners' motions to remand were based on their practice of religion or Falun Gong in the United States, the BIA did not err in finding that they failed to demonstrate their prima facie eligibility for relief. The Petitioners did not submit evidence that Chinese authorities are aware of, or likely to become aware of, their practices. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008); *see also Jian Hui Shao*, 546 F.3d at 168.

For the foregoing reasons, the petitions for review are DENIED.